IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gene Stilp, | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. _____ |
| City of Williamsport, | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

**Complaint**

Plaintiff Gene Stilp by undersigned counsel Mette, Evans & Woodside files this complaint challenging Defendant City of Williamsport's open burning ordinance as unconstitutional—facially, as applied, and for vagueness—in violation of Plaintiff Stilp's constitutional right to publicly burn political flags in political protest.

**I.    Parties**

1. Plaintiff is Gene Stilp ("Stilp").

2. Defendant City of Williamsport ("City") is a political subdivision of the Commonwealth of Pennsylvania that maintains a principal office at 245 West Fourth Street, Williamsport, Lycoming County, Pennsylvania 17701.

**II.    Jurisdiction and Venue**

3. Jurisdiction is founded on 28 U.S.C. § 1343.  This case is brought under 42 U.S.C. § 1983.  Attorneys fees are authorized by 42 U.S.C. § 1988.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the City is located in the Middle District of Pennsylvania, and the Middle District is the location where a substantial part of the events or omissions giving rise to the claim occurred.

5. Plaintiff seeks equitable and legal relief.

### III. Facts

6. The allegations of the foregoing paragraphs are incorporated by reference.

7. Stilp is a prominent political activist in Pennsylvania who frequently publicly protests political corruption and racial injustice.

8. Over the past several years, Stilp has publicly burned political flags in various locations throughout the United States as a means of protesting politicians and political ideologies he opposes.

9. As part of such protests Stilp has often burned flags bearing images and slogans supporting the policies and politics of former President Donald J. Trump.

10. On July 23, 2020, Stilp appeared at the Lycoming County Courthouse in the City of Williamsport to conduct a ceremonial political protest during which he intended to burn three flags: a Trump campaign flag sewn together with a Nazi flag, a Trump campaign flag sewn together with a flag of the former Soviet Union,

and a Trump campaign flag sewn together with a Confederate flag ("Trump Protest Flags").

11. Stilp's intended purpose in burning the Trump Protest Flags was to publicly oppose and protest policies and positions espoused by then President Trump which Stilp asserts are racist and harmful to the country.

12. The area in front of the Lycoming County Courthouse is open to the public and is a traditional public forum.

13. As Stilp prepared to burn the Trump Protest Flags in a metal trash can he had brought for the flag-burning ceremony, a law enforcement officer employed by the City appeared and ordered Stilp not to burn the flags, warning him that the fire would be extinguished the minute it would be set.

14. Wishing to exercise his First Amendment right of political protest, Stilp proceeded to ignite the first of the Trump Protest Flags over the trash can.

15. Upon igniting the flag, a City law enforcement officer extinguished the fire by spraying the can with a fire hose that filled the can with water.

16. Stilp was then informed by law enforcement that he was "under arrest" and ordered to sit while law enforcement collected his personal information.

17. City law enforcement confiscated the trash can, lighter and Trump Protest Flags.

18. The City maintains an ordinance that regulates public burning. See Section 1513.01 of the Codified Ordinances of Williamsport, Pennsylvania, 2017, as amended ("Codified Ordinances"). Such section and other related sections of the Codified Ordinances (§§ 1501.01 – 1505.01) are attached as Exhibit A.

19. The Burn Ordinance expressly incorporates the International Fire Code of 2009, as amended from time to time ("IFC") (collectively "Burn Ordinance"). See *id*. at § 1501.01.

20. The current edition of the IFC at the time of Stilp's protest, known as the 2018 International Fire Code ("IFC 2018"), defines a "recreational fire" as follows,

> **RECREATIONAL FIRE.** An outdoor fire burning materials other than rubbish where the fuel being burned is not contained in an incinerator, outdoor fireplace, portable outdoor fireplace, barbeque grill or barbeque pit and has a total fuel area of 3 feet (914 mm) or less in diameter and 2 feet (610 mm) or less in height for pleasure, religious, ceremonial, cooking, warmth or similar purposes.

IFC (2018) at § 202. Copies of this and other relevant sections of the IFC (2018) are collectively attached as Exhibit B.

21. The IFC (2018) allows a "recreational fire" without prior government permitting or approval if a) the fuel area does not exceed three feet in diameter and two feet in height, b) the fire is not conducted within 25 feet of a structure or combustible material, and c) no conditions exist that could cause a fire to spread within 25 feet of any structure. IFC (2018) §§ 202, 307.4.2.

22. The fire that Stilp lit met such requirements.

23. Because the Burn Ordinance as written does not on its face expressly allow the lighting and burning of a flag in a manner otherwise meeting the requirements of a "recreational fire," the Burn Ordinance arbitrarily distinguishes between different forms of fires based on the expressive purpose to which they are put and allowing, for example, fires for "pleasure," "ceremonial" and "religious" purposes while prohibiting the exact same fire if lit and maintained for the purpose of political demonstration.

24. Irrespective of any facial allowance for opening burning for political expression, the City interprets and applies the Burn Ordinance as though such fires are prohibited though otherwise meeting the requirements of "recreational fire" thereunder.

25. Additionally, the vagueness of the language of the Burn Ordinance, with its lack of clarity as to whether a fire used for political demonstration is allowed under the "recreational fire" exception, allows the City to enforce the Burn Ordinance in an unconstitutionally arbitrary and discriminatory way.

26. Violations of the City's Burn Ordinance are punishable as summary offenses with penalties of up to $1,000 per violation and 90 days in prison. See Ex. A, Burn Ordinance § 1501.02(b), Ex. B, IFC (2018) § 110.4 (successor to IFC (2009) § 109.3).

27. Violators are further subject to civil actions for abatement. IFC (2018) § 110.4.1.

28. The City has *de facto* prohibited, by facial overbreadth, application and/or vagueness of the Burn Ordinance, all burning of flags as a form of political protest despite the Burn Ordinance's allowance of recreational fires for "pleasure," "ceremonial" and "similar" purposes.

29. Stilp is under reasonable fear of governmental restraint of future expressive conduct, prosecution and other adverse civil proceedings if he should conduct further political protests in the City of Williamsport through the use of flag burning.

30. Because of the actual and arbitrary prohibition of his political demonstration despite his reasonably-interpreted compliance with the Burn Ordinance as written—vague though it be—Stilp reasonably fears conducting protests involving flag burning in public places in the future within the City of Williamsport.

31. Stilp desires the freedom to conduct one or more additional flag burning protests in the future within the City of Williamsport, including both on courthouse grounds and in other public areas of the City.

32. Stilp has no adequate remedy at law to prevent prospective enforcement of the Burn Ordinance against him.

## Count I
## Violation of First Amendment Right to Free Expression
## (Facial Challenge)
## 42 U.S.C. § 1983

33. The averments of the foregoing paragraphs are incorporated by reference.

34. The Burn Ordinance is overly broad in prohibiting constitutionally protected expressive conduct, to wit, open burning otherwise meeting the definition of "recreational fire" under the ordinance when undertaken for political expressive purpose but not within the ordinance's allowance for "ceremonial," "pleasure" or other "similar" purpose.

35. The Burn Ordinance facially violates the First Amendment by prohibiting expressive conduct for the purpose of political demonstration while permitting other qualitatively identical expressive conduct for non-political demonstration purposes.

36. Stilp is in reasonable fear of prosecution for a summary offense and civil action for abatement by the City under the Burn Ordinance (as well as physical extinguishment by City law enforcement of any fire he might light along with detention and/or arrest) if he would again attempt to burn political flags as expressive conduct because the Burn Ordinance facially does not clearly permit such conduct.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

a. PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the City of Williamsport as FACIALLY UNCONSTITUTIONAL under the First Amendment for prohibiting the lighting and maintaining of fires for the purpose of political demonstration that otherwise meet the criteria of "recreational fire" under the City's Burn Ordinance; and

b. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

### Count II
### Violation of First Amendment Right to Free Expression
### (As Applied Challenge)
### 42 U.S.C. § 1983

37. The averments of the foregoing paragraphs are incorporated by reference.

38. Irrespective of the language of the Burn Ordinance, the City has actually applied the Burn Ordinance in violation of Stilp's right to freedom of political expression under the First Amendment.

39. Stilp's actions were undertaken for "pleasure," "ceremonial" or "similar" purpose under the Burn Ordinance and otherwise met the requirements for a "recreational" fire, yet City law enforcement extinguished Stilp's fire, Stilp was "arrested," and Stilp is under ongoing threat of prosecution if he should again engage in the public burning of flags in ceremonial political demonstration.

8

40. Such action by the City demonstrates that, apart from whether the Ordinance facially allows the use of open burning for political demonstration even if meeting the requirements of a "recreational fire," the City applies the Burn Ordinance in a way so as to prohibit such open burning.

41. Stilp is in reasonable fear of prosecution for a summary offense and civil action for abatement by the City under the Burn Ordinance (as well as detention and/or arrest) if he would again attempt to burn political flags as expressive conduct in light of the City's application of the Burn Ordinance.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

    a.    PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the City of Williamsport as UNCONSTITUTIONAL AS APPLIED under the First Amendment in prohibiting the burning of political flags otherwise meeting the requirements for "recreational fire" under the City's Burn Ordinance; and

    b.    AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

**Count III**
**Burn Ordinance Void for Vagueness Under the Fourteenth Amendment**
**42 U.S.C. § 1983**

42. The averments of the foregoing paragraphs are incorporated by reference.

43. Alternatively, the Burn Ordinance is vague in that it does not provide a person of ordinary intelligence with a reasonable opportunity to know what conduct is prohibited and to act accordingly to avoid punishment or adverse civil proceedings.

44. The Burn Ordinance is void for vagueness under the Fourteenth Amendment for allowing "recreational" fires of a certain size for "pleasure," "ceremonial" or "similar" purposes but not defining such words, thereby leaving to the discretion of law enforcement the decision whether to punish a person such as Stilp who would use flag burning in political demonstrations.

45. In the fog of this vagueness the City has unconstitutional discretion to interpret and enforce the Burn Ordinance in an arbitrary and discriminatory manner, and in fact did so against Stilp, all in violation of the Fourteenth Amendment's guarantee of procedural due process.

46. The Burn Ordinance is reasonably interpreted to include fires meeting the requirements of a "recreational" fire for "pleasure," "ceremonial," or "similar" purpose, yet Stilp was "arrested," his fire was extinguished, and he is under ongoing threat of prosecution if he should again engage in public burning of flags as part of public political demonstration.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

a. PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the City of Williamsport against him as VOID FOR VAGUENESS under the Fourteenth Amendment; and

b. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

### Count IV
### Unconstitutional Suppression of Expressive Conduct Under the First and Fourteenth Amendments
### (Damages)
### 42 U.S.C. § 1983

47. The averments of the foregoing paragraphs are incorporated by reference.

48. The City has violated Stilp's right to freedom of political expression under the First and Fourteenth Amendments by the vague and overly broad language of the Burn Ordinance as well as the City's unconstitutional application thereof.

49. Stilp desires the freedom to conduct burnings otherwise meeting the requirements of a "recreational fire" under the Burn Ordinance in the future, but fears to do so because of the overbreadth and vagueness of the ordinance and the City's actual application thereof which have chilled his freedom of political expression.

11

50.     Stilp has suffered damages by virtue of the City's abridgement of his First and Fourteenth Amendment rights for which he must be compensated.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

a.     ENTER JUDGMENT in Stilp's favor and against the City of Williamsport for nominal and compensatory damages for the City's historic denial of Stilp's right to conduct a political demonstration by burning a flag even though such burn meets the requirements of a "recreational fire" under the Burn Ordinance in every qualitative respect except for the political message it conveys; and

b.     AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

                                        Respectfully submitted,

                                        **METTE, EVANS & WOODSIDE**

By:     /s/ Aaron D. Martin
        Aaron D. Martin
        Pa. Atty. I.D. 76441
        Stephen B. Edwards
        Pa. Atty. I.D. No. 326453
        3401 North Front Street
        Harrisburg, PA 17110
        (717) 232-5000 (phone)
        (717) 236-1816 (fax)
        admartin@mette.com

        *Attorneys for Plaintiff,*
        *Gene Stilp*

Dated: March 24, 2021.